T.C. Summary Opinion 2003-58

UNITED STATES TAX COURT

YUANQIANG ZHANG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2117-02S.                    Filed May 20, 2003.

Yuanqiang Zhang, pro se.

<u>Milan K. Patel</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $6,437 for the taxable year 2000.

The issue for decision is whether petitioner is entitled to deduct as trade or business expenses various costs he incurred in connection with a Master of Business Administration (M.B.A.) degree program.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York, New York, on the date the petition was filed in this case.

Petitioner has earned a bachelor's degree in engineering, a bachelor's degree in economics, and a master's degree in social science and international trade. From January 1997 through June 1999, petitioner was with the Beijing, China, office of Andersen Consulting, working as a consultant in the strategic services group. In this position, he helped foreign companies develop joint venture strategies and financial structures for operations in China; he advised foreign companies on Chinese tax policies; and he helped companies develop marketing strategies for sales in China.

In Fall 1999, petitioner commenced studies as a full-time student in the M.B.A. degree program at the Massachusetts Institute of Technology, Sloan School of Management (MIT). During the year in issue, petitioner continued as a full-time

student in this program. During the summer of that year, he was employed for 10 weeks by Latona Associates, a private equity firm, where he worked on acquisition strategies and performed valuations of companies. Petitioner received academic credit for this employment. The courses which petitioner completed as part of the M.B.A. program covered areas including economics, management, finance, accounting, technology and computer networks, marketing, telecommunications, "eCommerce", investments, investment banking, and mergers and acquisitions.

While enrolled in the M.B.A. program, petitioner received an offer from the Andersen Consulting office in New York for employment as a manager in the strategy competency group. At Andersen, a manager is two titles above that of petitioner's former position as a consultant. Petitioner declined this offer, accepting instead a position as an associate with the investment banking division of Morgan Stanley. This latter position was offered to petitioner in 2000, contingent upon petitioner's completion of the M.B.A. degree program at MIT. Petitioner received a signing bonus during the year 2000 from Morgan Stanley. After completing his degree in June 2001, petitioner began working at Morgan Stanley the following August. When petitioner began working at Morgan Stanley, he assisted clients with acquiring secured financing. Petitioner has remained employed at Morgan Stanley as an investment banker.

Petitioner filed an individual Federal income tax return for taxable year 2000 using a Form 1040NR, U.S. Nonresident Alien Income Tax Return.  On this return, petitioner claimed a miscellaneous itemized deduction of $34,126.  The expenses for which this deduction was claimed were as follows, before application of the section 67(a) limitation on miscellaneous itemized deductions:

| | |
|---|---:|
| M.B.A. tuition | $29,860 |
| Books and school supplies | 2,286 |
| Computer depreciation | 495 |
| Job search expenses | 869 |
| Summer job expenses | 918 |
| Travel to school | 552 |
| | 34,980 |

In the statutory notice of deficiency, the sole adjustment was respondent's disallowance of this deduction.  Petitioner concedes $169 of the M.B.A. tuition and $50.86 of the computer depreciation, and he concedes the entire amounts of the job search, summer job, and travel expenses.  The amounts remaining at issue all relate to expenses petitioner allegedly incurred in connection with the M.B.A. program.

In general, expenses which are ordinary and necessary in carrying on a trade or business are deductible in the year in which they are paid.  Sec. 162(a).  Such expenses may include educational expenses paid in carrying on the trade or business of being an employee.  Sec. 1.162-5, Income Tax Regs.  To be deductible, such expenses must be for education which (1)

maintains or improves skills required by the taxpayer in his employment, or (2) meets the express requirements of the taxpayer's employer, or of applicable law or regulations, imposed as a condition to the retention by the taxpayer of an established employment relationship, status, or rate or compensation. Sec. 1.162-5(a), Income Tax Regs. However, expenses which fall into either of these categories are nevertheless not deductible if the education (1) is required in order to meet the minimum educational requirements for qualification in the taxpayer's employment, or (2) qualifies the taxpayer for a new trade or business. Sec. 1.162-5(b), Income Tax Regs.

The first category of deductible expenses is for education which maintains or improves skills required by the taxpayer in his employment. Sec. 1.162-5(a)(1), Income Tax Regs. The regulations state that this category of expenses "includes refresher courses or courses dealing with current developments as well as academic or vocational courses". Sec. 1.162-5(c)(1), Income Tax Regs. We find that the M.B.A. program did not serve to maintain or improve skills required in petitioner's employment within the meaning of the regulations. The courses which petitioner completed as part of the M.B.A. program were varied and encompassed a large number of business fields: The courses covered areas including economics, management, finance, accounting, technology and computer networks, marketing,

telecommunications, "eCommerce", investments, investment banking, and mergers and acquisitions. From the record before us, we conclude that the M.B.A. program in this case served to improve petitioner's "general understanding and competency", Coughlin v. Commissioner, T.C. Memo. 1969-80, rather than to improve specific skills required in petitioner's employment. See, e.g., Menas v. Commissioner, T.C. Memo. 1969-114 (courses in an M.B.A. program were not directly related to the skills used by an Internal Revenue Service agent); Coughlin v. Commissioner, supra, (courses required for a bachelor's degree in business administration provided only an increase in "general understanding and competency" and did not have a direct relation to the taxpayer's employment as a method and controls analyst for an insurance company). While the M.B.A. program did focus on "business administration", it was nonetheless a generalized field of study which provided an education in a number of areas not necessarily applicable to petitioner's employment prior to or after the year in issue.

Our finding is reinforced by the fact that petitioner was not employed on a permanent or indefinite basis while he completed the M.B.A. program. Prior to the program, petitioner was a consultant for companies doing business in, or interested in doing business in, China. During the program, petitioner was employed only in a temporary position in which he earned academic

credit. Following the program, petitioner became an investment banker whose focus was on various secured financing strategies. While there is certainly a degree of overlap between the positions he held before and after the M.B.A. program, when petitioner left his position in Beijing he did not express an intent to return to that position after he earned the M.B.A., nor did he know where he would be employed following the completion of the program. The connection between the M.B.A. program and petitioner's potential employment following the program was too tenuous at that time for the education to be considered as having maintained or improved skills required in that employment. See generally Schneider v. Commissioner, T.C. Memo. 1983-753 (taxpayer not carrying on a trade or business within the meaning of section 162(a) where he resigned his commission from the Army in order to pursue an M.B.A. and another degree with no intention of returning to the Army).

Because the education petitioner obtained in the M.B.A. program did not serve to maintain or improve skills required in petitioner's employment, petitioner is not entitled to a deduction pursuant to the first category of deductible expenses under section 1.162-5(c)(1), Income Tax Regs.

The second category of deductible expenses is for education which meets the express requirements of the individual's employer or of applicable law or regulations. Sec. 1.162-5(a)(2), Income

Tax Regs.  The regulations provide that, within this category of expenses:

> Only the minimum education necessary to the retention by the individual of his established employment relationship, status, or rate of compensation may be considered as undertaken to meet the express requirements of the taxpayer's employer.

Sec. 1.162-5(c)(2), Income Tax Regs.  As discussed above, during the year in issue petitioner had left his former employment and had not yet started his new employment.  Thus, because petitioner did not have an established employment relationship, status, or rate of compensation during that year, petitioner is not entitled to a deduction pursuant to the second category of deductible expenses under section 1.162-5(c)(2), Income Tax Regs.

Because petitioner's education expenses do not fall into either category of deductible expenses under the regulations, petitioner is not entitled to the deductions claimed for the M.B.A. program.  We need not address whether the expenses fall into either of the categories of nondeductible expenses under section 1.162-5(b), Income Tax Regs.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.